| 101 | 185 |
| 107 | 223 |

AMOS A. KINNEY AND ALFRED L. MILLARD v. WILLIAM SERVICE.

[See 91 Mich. 629.]

*Trespass—Estoppel.*

Where, on the trial of an action of trespass to lands, it appears that the defendant, before committing the alleged trespass, applied to the plaintiff to ascertain whether or not he had any claim upon the land, and was informed by the plaintiff that he did not know who was boss, but that he rather thought a third person (with whom plaintiff had been in litigation over the title to the land) was, and, if he should change his opinion about the matter, he would let the defendant know, and give him the first chance to rent the land; and the defendant, after waiting a reasonable time, and receiving no information from the plaintiff of any claim on his part to the land, or change of intention or mind upon the subject, and in reliance upon said statements, applied to the adverse claimant to rent the land of him, and entered thereon and did the acts·complained of under his authority,—the plaintiff is estopped to deny that such entry was lawful, and cannot maintain said action.

Error to Lenawee. (Peck, J., presiding.) Argued June 6, 1894. Decided June 16, 1894.

Trespass.· Plaintiffs bring error. Affirmed. The facts are stated in the opinion, and in *Kinney v. Ferguson, ante,* 178.

*A. L. Millard,* for appellants.

*D. B. Morgan,* for defendant.

HOOKER, J. This case is a companion to that of *Kinney v. Ferguson, ante,* 178, which it closely resembles. There is, however, one question not involved in that case which requires attention, but for which it would be passed with

the remark that it was in all respects similar.   Instead of leaving the case to turn upon the fact of possession by Hayward, the court instructed the jury as follows:

"Now, gentlemen, some evidence has been given with reference to the conversation or interview between the defendant here, Mr. Service, and Mr. Quilliams, who has been a witness upon the stand, with Mr. Kinney, one of the plaintiffs, in the early part of March, 1891.   The parties disagree as to what occurred at that interview. Mr. Kinney's testimony has been read to you, and it is not in perfect accord with the testimony of Mr. Service and Mr. Quilliams.   Precisely what did occur there you will determine from the testimony of all the witnesses who have been sworn upon that subject, giving to each credence and faith as you think it fairly entitled to.   And with reference to that subject I charge you that if you find from the evidence that in March, 1891, the defendant, Mr. Service, in company with Mr. Quilliams, before going upon the land and committing the acts which are charged as trespasses in this case, went to Mr. Kinney, called upon him, to ascertain whether he had any claim upon the land, or applied to him to lease it, and, having stated the object of their visit, Mr. Kinney told them, in substance, that he did not know who was boss, Mr. Hayward or himself, but, from what he had read in the Morenci paper, he thought Mr. Hayward was, and, if he should change his opinion about the matter, he would let them know, and give them the first chance to rent the land, and if Mr. Kinney did not afterwards inform them of any claim on his part, or change of intention or mind upon the subject, and the defendant, Mr. Service, after waiting a time which would be reasonable under all the surrounding circumstances, acting in reliance upon Mr. Kinney's statement so made, applied to Mr. Hayward to rent the land of him, and entered upon the premises and did the acts complained of in this case under Mr. Hayward's authority, in that case the plaintiffs cannot complain here of these acts as trespasses, and your verdict should be for the defendant.   Now, if this state of facts, which I have just charged you would defeat the plaintiffs' action, has not been proved by the evidence, if all the conditions which I have just charged you are essential to establish this particular defense have not been shown by the proof in the case, the plaintiffs should not lose their action here for

that reason, nor would the defendant be allowed to escape the result of his trespasses because of any waiver or estoppel worked out and acted upon by him as the result of that conversation."

The defendant testified that, after the talk alluded to in the charge, he hired the place of Hayward, and put in his crops, some time in April; that in July plaintiff Kinney came by and saw him at work, asked him if he rented of Hayward, to which he replied that he did, and forbade his doing more unless he did it for him.

We think the charge was right. If defendant entered under the circumstances described in the charge, the plaintiffs were estopped to deny that the entry was lawful, and trespass would not lie for the subsequent acts of defendant in caring for and removing his crops.

The judgment must be affirmed.

LONG, GRANT, and MONTGOMERY, JJ., concurred. McGRATH, C. J., did not sit.